UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alissa T., | Civ. No. 23-343 (PAM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Michelle A. King, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This matter is before the Court on Plaintiff's counsel's Motion for Attorney's Fees under 42 U.S.C. § 406(b). The Government does not oppose or support the award. (Docket No. 39 at 1.) The Government requests that the Court "decline to include language directing that the Commissioner 'pay' the award" but does not explain who would pay the award if not for the Commissioner. (Id. at 2.)

The statute provides for an award "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Plaintiff is entitled to past-due benefits of $40,445.66, and Plaintiff's counsel seeks $10,111.41, which is 25 percent of the award Plaintiff received. (Docket No. 34 at 6.)

The statute requires the Court to determine whether the fee sought is "a reasonable fee." 42 U.S.C. § 406(b)(1)(A). Plaintiff's counsel did not cause any delay, nor did he provide substandard representation that might warrant a reduction in the presumptive

---

[1] As the newly appointed Acting Commissioner of Social Security, Michelle A. King is substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d).

statutory fee. Gisbrecht v. Barnhardt, 535 U.S. 789, 808 (2002). Counsel submitted a record of the hours expended in this case. (Docket No. 26, Docket No. 27, Docket No. 43 at 6–7.) The amount of fees requested yields an effective hourly rate of approximately $800, which is within the range of rates approved in other disability cases in this District. See Smith v. Kijakazi, Civ. No. 19-1571, 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (approving $900 hourly rate and collecting cases approving higher hourly rates) (Nelson, J.). Plaintiff's counsel has established that attorneys' fees of 25 percent of the amount of Plaintiff's award is reasonable.

Counsel indicates that he has previously received an attorney's-fee award of $6,780.43 under the Equal Access to Justice Act. See Theodoros K. v. Kijakazi, Civ. No. 20-2228, 2023 WL 4621896, at *3 (D. Minn. July 19, 2023) (noting that counsel refunding previously paid fees is the preferred method) (Menendez, J.).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorneys' Fees under 42 U.S.C. § 406(b) (Docket No. 33) is **GRANTED** and Plaintiff is awarded $10,111.41 in attorney's fees;

2. Defendant shall pay $10,111.41 directly to Plaintiff's counsel in accordance with the agreement Plaintiff signed; and

3. Plaintiff's counsel must refund to Plaintiff the $6,780.43 previously awarded.

Dated: January 23, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge